IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. |
| | ) | 3:06cv28-MHT-DRB |
| JOHNNY HUGHLEY | ) | [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion under FED.R.CIV.P. 60(b)(6) filed by

federal inmate Johnny Hughley ("Hughley") on January 9, 2006 (Doc. No.1).[1]  Hughley

challenges his 1998 conviction and sentence for possession of counterfeit currency; passing,

uttering, and publishing counterfeit currency; and possessing a firearm after having been

convicted of a felony.[2]  For the reasons which follow, the court construes Hughley's motion

as a successive motion for relief under 28 U.S.C. § 2255 and concludes that he is not entitled

to any relief.

**I.  DISCUSSION**

Hughley asserts as "newly discovered evidence" a claim that the process of selecting

jurors in the Middle District of Alabama at the time of his trial violated (1) the Due Process

---

[1]Although Hughley's self-styled Rule 60(b)(6) motion is date-stamped "received" on January 10, 2006 pursuant to the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively the January 9, 2006, date of his signing.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]*See* Criminal Case Nos. 3:98cr43-MHT & 3:98cr97-MHT.  A jury found Hughley guilty of these offenses on August 26, 1998.  On December 18, 1998, the district court sentenced Hughley to a term of 57 months' imprisonment.  On November 19, 1999, the Eleventh Circuit Court of Appeals affirmed Hughley's conviction and sentence.  *See United States v. Hughley*, 202 F.3d 287 (11th Cir. 1999) (unpublished table decision).

Clause of the Fifth Amendment to the United States Constitution; (2) the Sixth Amendment guarantee of a jury drawn from a fair cross-section of the community; (3) the Equal Protection Clause of the Fifth Amendment; (4) the Jury Selection and Service Act ("JSSA"), 28 U.S.C.A. §§ 1861-71; and (5) the District's Plan for the Random Selection of Grand and Petit Jurors.  He further argues that his counsel was ineffective for failing to raise such a claim at his trial.

On at least one prior occasion Hughley has attacked his conviction and sentence through a 28 U.S.C. § 2255 motion.[3]  It is clear that the pending motion asserts a new claim for relief from the same conviction and sentence and is not directed to the integrity of judgments denying Hughley's prior § 2255 motions.  Accordingly, Hugley's reliance on Fed.R.Civ.P. 60(b)(6) as a vehicle for seeking relief in this case is unavailing.

In *Gonnzalez v. Crosby*, 545 U.S. 524, ___, 125 S.Ct. 2641, 2646-47 (2005), the Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for

---

[3] This court decided adversely to Hughley all claims in his first § 2255 motion, filed on April 3, 2000. *See* Criminal Case Nos. 3:98cr43-MHT & 3:98cr97-MHT (Doc. No. 75); *Recommendation of Magistrate Judge, Aug. 13, 2002 (*Doc. No. 150 ), adopted as a Final Judgment  on Aug.18, 2002 (Doc. No. 154).  On August 4, 2004, Hughley again challenged his sentence in a "*Request for a Nunc Pro Tunc Reconsideration and/or in the Alternative a Correction of Sentence.*"  Criminal Case Nos. 3:98cr43-MHT & 3:98cr97-MHT (Doc. No. 184).  Because that motion attacked the fundamental validity of Hughley's sentence, this court characterized it properly as  a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*.  Because Hughley had not received appellate certification for this court's consideration of his successive § 2255 motion, the court summarily dismissed his § 2255 motion. *Id., Recommendation of the Magistrate Judge, Jul. 18, 2005* (Doc. No. 199 ), adopted as the court's Final Judgment on Sep. 9, 2005 (Doc. Nos. 202 & 203).

relief from a ... judgment of conviction" – is in substance a successive petition for habeas relief.  125 S.Ct. at 2647.[4]  Regardless of Hughley's own labeling of his  motion,[5] this court concludes necessarily that the motion is of the same legal effect as, and should be construed as, a successive *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*.

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[6]  *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Hughley has not received

---

[4]*See United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005) (unpublished) (stating that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings).  *See also El-Amin v. United States*, No. 05-1276, 2006 WL 771182 (11th Cir. Mar. 28, 2006) (unpublished).

[5]Hughley's claim is, at bottom, an attack on the fundamental legality of his conviction and sentence. " Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (internal quotations and citation omitted).

[6]The Eleventh Circuit has held that *Booker, Blakely, and Apprendi* – the decisions upon which Hughley premises her claims – are *not* retroactively applicable to cases on collateral review.  *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. Jan. 21, 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion.   Thus,  this court lacks jurisdiction, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Hughley on January 9, 2006, be denied and this case dismissed, as Hughley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 17, 2006**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

      Done this 3rd day of October, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE
