IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2008 JUN 27 A 10:28

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHNNY HUGHLEY, )
    Movant, )   3:06cv28-MHT
V. )   CASE NO. 98-97-E
UNITED STATES, )
    Respondent. )

## MOVANT'S MOTION TO AMEND TO ORIGINAL §2255 MOTION

Comes now the movant, Johnny Hughley, in the above styled cause of action pursuant to Fed. R. Civ. P. 15(c)(2) hereby moves this Court in a motion to Amend to a claim raised in the original §2255 motion. And in support herein states the following:

1. That in the original §2255 motion Mr. Hughley argued that his appellate counsel was ineffective for failure (refusal) to appeal issues of merits on direct appeal.

2. That trial counsel was ineffective for failure to prepare for trial.

3. That an Amendment "Relates back" to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original, or attempted to be set forth in the original pleading. See; Fed. R. Civ. P. 15(c)(2); and also; Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 2569-75, 162 L.Ed. 2d 5821 (2005).

-1-

## AMENDED CLAIM'S

4. That the movant trial Counsel render ineffective assistance during trial for his for failure to file for a Rule 403 and 702 motions to exclude evidence of Hushley's Prior Conviction and/or alleged expert testimony, where he was charged in the indictment for felony Possession of firearm Pursuant to 18 U.S.C. §922(g)(1).

5. That trial Counsel was ineffective for failure to make himself familiar with Old chief v. United States, 136 L.Ed.2d 574 (1997).

6. That appellate Counsel was ineffective for failure to appeal merits claims on direct appeal.

7. That appellate Counsel, after being made aware that Hushley had objected to the trial Judge and Prosecuter's mentioning of Prior Convictions during trial on the 18 U.S.C. §922(g)(1) Count, and offered to stipulate to felony Conviction of Prior Cocaine Possession Conviction; counsel failed (refused) to raise "Abuse of Distrection of trial Judge and Prosecuter misconduct claims" on direct appeal. see; Old chief v. United States, 136 L.Ed.2d 574 (1997).

8. That the Eleventh Circuit Court of Appeals in deciding United States v. matthews, 411 F.3d 1210 (11th cir. 2005) deciding a similar stare decise issue, Judge TJoflat delivering the opinion of the Court held:

> "Whether the district Court erred by admitting evidence of matthew's 1991 arrest under federal Rule of Evidence 404(b); and Part I recounts the

-2-

course of the Proceedings in the district Court. Parts II-V address matthews's four claims. In Part I, we conclude that the district court Committed error in admitting evidence of matthews' 1991 arrest and that this error cannot be deemed harmless. For this reason, matthews Convictions must be reversed."

United States v. Matthews, 411 F.3d 1210 (11th Cir. 2005) (citing Old Chief v. United States, 519 U.S. 172, 174 n.1, 117 S.Ct. 644, 647 n.1, 136 L.Ed.2d 574 (1997). See also, Old Chief v. United States, 519 U.S. at 183 n.7 (finding abuse of discretion in trial court's refusal to allow defendant to stipulate to prior felony conviction so as to keep Jury from learning of prior assault similar to one charged).

Judge Tjoflat held in Matthews, I.E., that the district judge Committed error that cannot be deemed harmless, by admitting evidence of matthews' prior Conviction, Likewise, the district judge in Hughley's case committed error that cannot be deemed harmless, by admitting evidence of Hughleys' 1990 convictions and that this error cannot be deemed harmless for these reason.

The United States supreme Court decided old chief in January, 1997, Hughley trial did not commence until August, 1998. Therefore, the trial counsel, appellate counsel, district court judge and U.S. Attorney all was fully aware of the high Court's Ruling, yet allowed Hughley's Prior convictions to be admitted during trial over his offer to stipulate.

WHEREFORE, Hughley motion to amend to the original §2255 motion pursuant to Rule 15(c) should be granted in light of the court records and transcripts on record Hughley's convictions must be reversed. See, United States v. Matthews, 411 F.3d 1210 (11th Cir. 2005).

Done this the 23rd day of June, 2008.

Respectfully submitted,

*Johnny Hughley*
Johnny Hughley
Reg. No. 10208-002
U.S.P-McCreary
P.O. Box 3000
Pine Knox, KY 42635

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Rule 15(c) motion to Amend to §2255 motion on Louis Franklin, Sr., Assistance U.S. Attorney, address to him at P.O. Box 97, Montgomery, AL 36101, and postage properly affixed thereto by depositing same in the inmate mail box, on this the 23rd day of June, 2008.

*Johnny Hughley*
Johnny Hughley
Movant

-4-

Name: Johnny Hubbley
Reg. No.: 10208-002   Unit 5B
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, Ky 42635




Office of Clerk
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101

36101+0711-11 B007