IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOHNNY HUGHLEY

v.                                      Case No. 98-97-E

UNITED STATES,
    Respondent.

### MOVANT'S MOTION TO AMEND TO ORIGINAL § 2255 MOTION

Comes now the movant, **Johnny Hughley**, in the above styled cause of action pursuant to **Fed. R. Civ. P. 15(c)(2)** hereby moves this court in a motion to amend to a claim raised in the original § 2255 motion. And in support herein states the Following:

1. That in the original § 2255 motion **Mr. Hughley** argued that his appellate counsel was ineffective for failure **(refusal)** to appeal issues of merit on direct appeal.

2. That trial counsel was ineffective for failure to prepare for trial.

3. That an Amendment "relates back" to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set ofrth in the original pleading. See; Fed. R. Civ. P 15(c)(2); and also: **Mayle v. Felix**, 545 U.S. 644, 125 S. Ct. 2562, 2569-75, 162 L.ed. 2d 5821 (2005).

1.

## AMENDED CLAIM'S

4. That the movant trial counsel render ineffective assistance during trial for his failure to file for a rule **403** and **702** motion to exclude evidence of **Hughley's** prior conviction and/or alleged expert testimony, where he was changed in the indictment for felony possession of firearm. (pursuant to 18 U.S.C. § 922(g)(1)).

5. That trial counsel was ineffective for failure to make himself familiar with **Old Chief v. United States,** 136 L.ed. 2d 574 (1997).

6. That appellate counsel was ineffective for failure to appeal merits claims on direct appeal.

7. That appellate Counsel, after being made aware that **Hughley** had objected to the trial Judge and Prosecuter's mentioning of prior convictions during trial on the **18 U.S.C. § 922 (g)(1)** count and offered to stipulate to felony conviction of prior cocaine possession conviction, counsel failed **(refused)** to raise "Abuse of Distrection of trial Judge and Prosecuter misconduct claim" on direct appeal. See; Old Chief v. United States, 136 L.ed. 2d 574 (1997).

8. That the Eleventh Circuit Court of Appeal in **United States v. Matthews,** 411 F. 3d 1210 (11th Cir. 2005) deciding a-similar stare decise issue, Judge **TJoflat** delivering the opinion of the court held:

"Whether the District Court erred by admitting evidence of **Matthews** 1991 arrest under Federal Rule of Evidence **404 (b);** and part I recounts the course of the proceedings in the District Court.

3.

Parts II-V address **Matthews's** four claims. In Part V, we conclude that the District Court committed error in admitting evidence of **Matthew's 1991** arrest and that this error cannot be deemed harmless. For this reason, **Matthew's** convictions must be reversed." United States v. Matthews, 411 F.3d 1210 (11th Cir. 2005) (Citing Old Chief v. United, 519 U.S. 172, 174 n.1. 117 S. Ct. 644, 647 n.1. 136 L.ed.2d 574 (1997). See also; Old Chief v. United States, 519 U.S. at 183 n.7 (finding abuse of discretion in trial Court's refausal to allow defendant to stipulate to prior felony conviction so as to keep Jury from learning of prior assault similar to one charged).

Judge **TJoflat** held in **Matthews, I.E**, that the District Judge committed ~~evidence~~ error that cannot be deemed harmless, by admitting evidence of **Matthew's** prior conviction, likewise, the District Judge in **Hughley's** case committed error that cannot be deemed harmless, by admitting evidence of **Hughley's 1990** conviction's and that this error cannot be deemed harmless for these reason.

The United States Supreme Court decided **Old Chief** in **January, 1997, Hughley** trial did not commence until **August, 1998**. Therefore, the trial counsel, appellate counsel, District Court Judge and U.S. Attorney all was fully aware of the high Court's Ruling, yet allowed **Hughley's** prior convictions to be admitted during trial over his offer to stipulate.

**WHEREFORE, Hughley** motion to amend to the original § 2255 motion pursuant to **Rule 15(c)** should be grant, and in light of the court records and transcripts on record **Hughley's** convictions

3.

must be reversed. See; <u>United States v. Matthews,</u> 411 F.3d 1210 (11th Cir. 2005).

Done this the 10th day of July, 2008.

Respectfully Submitted,

*/s/ Johnny Hughley*

Johnny Hughley
Reg. #10208-002
U.S.P. McCreary
P.O. BOX 3000
Pine Knot, Ky 42635

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Rule 15(c) motion to amend to § 2255 motion on **Louis Franklin, Sr.** U.S. Attorney, address to him at P.O. BOX 97 Montgomery, Al 36101 and Postage properly affixed thereto by depositing same in the inmate mail box, on this the 10th day of July, 2008

*/s/ Johnny Hughley*
Johnny Hughley

movant,

Johnny Hughley, Reg. No. 10208-002
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

United States Penitentiary, McCreary
Pine Knot, KY 42635
Date: 2-11-8
The enclosed ...
procedures ...
neither opened ...
or problem ...
may wish ...
clarification ...
forwarding to another address, please return the enclosure
to the above address.

"LEGAL MAIL"




Debra P. Hackett
Office of Clerk
P.O. Box 711
Montgomery, AL 36101

36101+0711-11  B007